### Case No. 2,954.

#### In re COGBILL.

[2 Hughes (1877) 313.][1]

District Court, E. D. Virginia.

HOMESTEAD—WAIVER BY DEED OF TRUST—LET-
TING IN PRIOR JUDGMENT.

1. The bankrupt's lands were bound by the lien of a judgment creditor, on an obligation not containing a waiver of homestead. One parcel of them was also bound by a deed of trust junior in dignity to the judgment. The law of Virginia makes the right of homestead superior to a judgment, but makes it liable to waiver by deed of trust. In this condition of things, *held*, that the deed of trust cleared the land of the right of homestead; but, being secondary in priority to the judgment, the deed was displaced by the judgment, which must be paid first.

[Distinguished in Re Bowler, Case No. 1,-735.]

2. The right of subrogation did not, in consequence, accrue to the trust deed lienor, as to the lands as to which the right of homestead was not expressly waived.

In bankruptcy. The subject of controversy was the sum of $1,751, which arose from the sale of the greater portion of the bankrupt's real estate, it having been agreed that the proceeds of the land should be treated as the land itself. All this real estate was bounded by a judgment lien for a debt due the Mecklenburg Female College to the amount of about $1,350, which contained no waiver of the homestead right. A portion of the land sold was subject to a deed of trust junior in priority to the judgment, for the amount of about $1,050. The land covered by the deed of trust brought $840. By the law of Virginia the right of homestead has priority over a judgment, and a deed of trust has priority over a right of homestead, as to the

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

land covered by it. The deed is treated as a waiver as to the land.

Mr. Henry submitted the following views: Let us look at this question first without reference to the question of homestead. What would be the law did the debtor not come within the description of persons entitled to it? It cannot be denied that the judgment creditor having a lien on all real estate of the debtor, and the deed of trust creditor having only a subsequent lien on parts of said real estate, the judgment creditor would be forced to subject all the balance of the real estate of the debtor before he can trust the subject. And if he were to get any part of the trust subject before exhausting the other, the deed of trust creditor would have a right to subject the real estate outside of his deed to the repayment to him of the amount so taken from him. And the rights of creditors to marshal the assets of the debtor for the purpose of securing the payment of their debts are absolute as to the debtor himself. That is, he cannot defeat this right by any act of his, as it is a right given by law, and attaches to the liens. See 2 White & T. (4th Ed.) Lead. Cas. Eq. 228; and Withers v. Carter, 4 Grat. 407. By the constitution of Virginia (article 11, § 1) every householder or head of a family shall be entitled to hold exempt from sale under legal process, his real or personal estate or either, to the value not exceeding $2,000. By section 3 of same article it is provided that nothing contained in this article shall be construed to interfere with the sale of the property aforesaid, or any portion thereof, by virtue of any mortgage, deed of trust, pledge, or other security thereon. These provisions regulate the questions in this case. It is apparent (and it has been so decided by the supreme court of the United States, in construing a similar provision in the Illinois Code (see Black v. Curran, 14

Wall. [81 U. S.] 463) that no estate in the land, in any proper sense, is given to the householder or head of a family, but simply a right of occupancy, and that so soon as that occupancy lawfully ceases the land occupied is liable to his creditors just as though never held as a homestead. See also decision of Judge Fitzhugh, in Richardson v. Butler, 1 Va. Law J. Feb. No. 1877, p. 120. It follows, therefore, that when the sale is made under the deed of trust in this case, as it was made, the trust subject is liable to the judgment lien before the debt secured in the deed can be paid; and, therefore, unless the creditor has the right to marshal the assets, he will lose the amount for which the trust subject sold, to wit, $840. This gives him the right to require that the proceeds of the other land not in the deed of trust be applied to the payment of the judgment, to his own exoneration. But the saving in the section above quoted covers this case. It is undoubted that by the law of the land the right to marshal assets gives a "security thereon." It undoubtedly gives the deed of trust creditor a security on the real estate of the debtor other than the trust subject, when the trust subject is liable to a judgment lien which was sought to be enforced against it. This being the legal consequence of giving a subsequent lien on part of an estate while there exists a prior lien on all, it follows that this bankrupt by giving the deed of trust gave all the liens and securities legally flowing or issuing out of said deed, and cannot now defeat any of them by any act of his. And, in truth, the liens and security on his estate, that he himself has given, defeat the right to homestead by the express provisions of the homestead law. The householder has a right to waive the homestead; his deed of trust is a waiver of it, not only to the extent of the trust subject, or the debt secured thereon, but is also a waiver to the extent of the rights given by law to others, which follow or flow from the deed of trust. And while in some cases third persons may not be affected by the act of the debtor, yet the debtor himself is estopped and all persons who only stand in his shoes or for whom he has a right to act are also estopped. See Withers v. Carter, 4 Grat. 407.

Mr. Bouldin contended, per contra, that the law of homestead made a careful and express distinction as to the homestead between liens created by the voluntary act of the debtor and liens created by law, and did not intend that the debtor should lose his homestead by construction or any indirection. If the deed of trust had conveyed only five acres of land of the value of five and twenty dollars, the common sense of all men would be shocked and outraged if that conveyance could be construed as subjecting the remaining $1,975 of the homestead to a judgment creditor whose lien proprio vigore was inferior to the claim of the homestead; for if the homestead was constructively waived as to any of the remaining land, it was waived as to all. If the judgment creditor is to have precedence over the claim of the homestead, that precedence must be given by virtue of the superiority of his lien over the claim of homestead, and not by reason of its superiority over another claimant and incumbrance of the realty of the bankrupt. It must prevail, if it prevails at all, by virtue of its own inherent strength, not by reason of the weakness of this claim of homestead as against a wholly different creditor holding a part of the homestead voluntarily conveyed to him.

HUGHES, District Judge. The first question here is, whether or not the homestead right may be set up against the judgment, and, in defeating that, defeat also the deed of trust which is subordinate to it. The proposition can not be entertained for reasons stated in the sequel.

The second proposition is, that the deed of trust, by defeating the homestead, lets in the judgment which is prior to the deed, which I concede. The third proposition is, that the deed of trust creditor is entitled to have his debt made good out of the proceeds of the land which was not covered by the deed, by virtue of the principle governing courts of equity in marshalling assets; that is to say, the principle of subrogation. This last proposition I must reject. If the bond, for securing which the deed of trust was given, contained on its face a waiver of the homestead in writing, I would then think the proposition worthy of some consideration; for then there would be a waiver as to the debt as well as a waiver as to the land; but as there was no such express waiver on the bond, and the waiver in the form of the deed of trust applied only to the land, for reasons stated in the sequel I must reject this proposition. The deed of trust operated to exempt the land which it conveyed, from liability to the grantor's (the bankrupt's) right of homestead. It cleared the land of the homestead claim. The homestead right is not an estate in the land, but a mere right of using it for a specific purpose, during a period of time defined by the law, but of uncertain duration. The deed of trust removed from the land its liability to such use for as long a period as its provisions should remain unsatisfied. If the judgment creditor has a first lien or claim against land thus exempted from liability to the homestead it must be satisfied. If a deed of trust stands second to the judgment, that must then be satisfied. It is only after both are satisfied that the homestead liability returns again to the land. But these principles are confined in application exclusively to land as to which the homestead right has been waived. They apply to that particular land only, because of the reasons just stated. They do not apply to other lands, because those reasons do not apply. "Cessante ratione cessat et ipsa lex."

The doctrine of subrogation does not apply to this case on general principles. That doctrine is, that where a creditor has two funds out of which to satisfy his demand, he shall not disappoint a creditor who can obtain payment of his claim only out of one of the funds. The doctrine does not apply except in cases where there are two funds already in existence and available to the first-named creditor. In this case the judgment creditor has but one fund, and the deed of trust creditor had only that same fund, and it is simply a question which of the two creditors shall have payment out of that one fund. It is not a question of marshalling assets, but of mere right of priority. Besides, even if this were not so, we can not extend the principle of marshalling assets, or of subrogation, to lands subject by law to the homestead right. That right is given irrespective of the rights of creditors to be paid their debts, whether by subrogation, or in any other way. It is given as to all lands from which the right of homestead has not been removed by specific waiver. If a debtor owned but one piece of land, and that not greater in value than the amount limited by law for the homestead, and there were debts due to an amount exceeding the amount allowed as to the value of the homestead, still the law disregards the rights of creditors and gives the homestead if it has not been waived either as to the debt or the land. It is, therefore, a right superior to the rights of creditors of every sort and origin. The law intends to make the homestead right superior to all the rights of creditors, except as to any specific debt or land as to which the householder voluntarily and expressly in writing waives it. It is partly because the right of homestead is not an estate in land, but is a mere privilege of using it for a certain purpose, which privilege is not capable of estimation in dollars and cents, that the principle of subrogation does not apply as against it. If it were an estimate capable of appraised valuation, then there would be more ground for considering whether or not it could be subjected to the principle of subrogation. It seems to me that it would be a subversion of the objects of the law of homestead, a perversion of its aim, and a violation of its spirit, to apply the doctrines governing in the marshalling of assets in equity to the destruction of the homestead right in favor of other debts and against other property than those in regard to which the right of homestead has been expressly waived. The courts have already gone very far in judicially legislating the homestead right out of existence. But I know of no case in which they have carried the power of judicial legislation so far as to resort to the expedient of constructive waiver in attacking the homestead rights. At all events, I will wait to be overruled before employing the expedient myself.

I will give a decree declaring that the right of homestead does not exist as to the $840

produced by the land covered by the bankrupt's deed of trust, and, therefore, that that debt, being relieved from the homestead, is liable first to the judgment, but recognizing the superiority of the homestead to the claim of the judgment creditor, in respect to the proceeds of the land not so covered, leaving the deed of trust wholly defeated. I infer from the absence of any evidence or proceeding to show that the prices bought at the sale of the bankrupt's land were inadequate, that there is no objection to the sale on that score.

The decree of the district court was affirmed by the chief justice on petition for revision.